IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


Emmanuel Adeyinka,                              No. 3:23-cv-01333-HZ

                    Plaintiff,                  OPINION & ORDER

        v.

First Judicial District of Pennsylvania,

                    Defendant.

Emmanuel Adeyinka
PO Box 8131
Portland, OR 97207

        *Pro se*


HERNÁNDEZ, District Judge:

        Pro se Plaintiff Emmanuel Adeyinka brings this action against the First Judicial District

of Pennsylvania. Plaintiff moves to proceed in forma pauperis ("IFP") [2]. Because Plaintiff has

minimal income and assets, the Court grants the motion. However, for the reasons explained

below, the Court dismisses the Complaint [1] without prejudice.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to

amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130-31.

## DISCUSSION

Plaintiff's Complaint must be dismissed because it fails to state a claim for relief and fails to allege facts showing that venue is proper in Oregon. Plaintiff alleges "Double Jeopardy," "Illegal registration," and "Stalking and extortion" but does not allege any facts supporting these wrongful acts. Compl. 3. He also states, "I was extorted on I attach documents." *Id.* He states, "The unidentified witness made or the officer made false statements." *Id.* Plaintiff attaches records from a 2008 proceeding in the First Judicial District of Pennsylvania, in which he was sentenced for indecent exposure. *Id.* at 7-16. The records show that Plaintiff has paid only part of his financial obligations in the case. *Id.* at 16. It appears Plaintiff seeks to state a claim under 42 U.S.C. § 1983.

The Court cannot determine the basis of Plaintiff's claim. Plaintiff does not allege facts showing that the Double Jeopardy Clause of the Constitution applies to his conviction. He does not explain what he was required to register for or why it was illegal. And he does not state who stalked or extorted him or allege facts plausibly suggesting that he was stalked or extorted. Finally, Plaintiff fails to explain the nature of the alleged false statements, why they were false, or how they are relevant to his claims.

Plaintiff also appears to have sued an improper defendant. The Third Circuit has held that the First Judicial District of Pennsylvania is not a "person" subject to suit under 42 U.S.C. § 1983. *Callahan v. City of Philadelphia*, 207 F.3d 668, 672-73 (3d Cir. 2000). *See also Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that the First Judicial District is entitled to Eleventh Amendment immunity). Because the Complaint is so unclear, the Court

cannot determine who the proper defendants in this case might be. The Court grants Plaintiff leave to amend the Complaint to address these issues. If the amended complaint fails to state a claim for relief against a proper defendant, the Court may dismiss this case with prejudice.

In addition, Plaintiff fails to allege facts showing that venue is proper in Oregon. The Court may raise the issue of venue on its own, as Defendant has not waived the objection to improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a plaintiff files a case in the wrong venue, the district court may dismiss the case or, if it is in the interest of justice, transfer it to a district where there is venue. 28 U.S.C. § 1406(a). *See also Ballering v. Dep't of Pro. Licenses*, No. 20-CV-00529-DKW-RT, 2020 WL 7389742, at *2 (D. Haw. Dec. 16, 2020) (dismissing case for improper venue where pro se plaintiff applying to proceed IFP sued a department of the State of Utah in Hawai'i alleging conduct that occurred in Utah).

Defendant is a judicial district in Pennsylvania, and this case appears to concern judicial proceedings in Pennsylvania. The minimal facts alleged indicate that venue is proper in Pennsylvania. They do not indicate that venue is proper in Oregon. Plaintiff may amend the Complaint if he can allege facts showing that venue is proper in Oregon.

In sum, to proceed with this case, Plaintiff must allege facts that state a claim for relief and must sue a proper defendant. If he does not do so, the Court may dismiss the case with

prejudice. Plaintiff must also allege facts showing that venue is proper in Oregon if he wishes to proceed with this case in Oregon.

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed IFP [2]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order.

IT IS SO ORDERED.


DATED: September 26, 2023 .


_____
MARCO A. HERNÁNDEZ
United States District Judge